IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Daniel Trujillo,<br><br>        Plaintiff,<br><br>vs.<br><br>James Yates, et al.,<br><br>        Defendants. | No. CV 1-07-01236-JMR<br><br>**ORDER** |

Pending before the Court is Defendants' Motion for Summary Judgment (Doc. #25) filed March 5, 2009. Plaintiff has not filed a responsive memorandum in opposition as required by Rules 78-230(m) and 56-260 of the Local Rules of the United States District Court for the Eastern District of California ("Local Rules") and Rule 56(e)(2) of the Federal Rules of Civil Procedure. For the reasons stated below, Defendants' Motion for Summary Judgment (Doc. #25) is granted.

**I. Defendants' Motion for Summary Judgment**

    **A. Plaintiff's Failure to Respond**

Defendants moved for summary judgment on March 5, 2009. Per LR 78-230(m), Plaintiff had "eighteen (18) days, plus three (3) days for mailing or electronic service," after being served with Defendants' motion within which to serve and file opposition to the granting of Defendants' motion. Plaintiff has failed to file a responsive memorandum in

1 opposition. Local Rule 78-230(m) states:

2
3
4
> A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.

5 Accordingly, Plaintiff's failure to serve and file a responsive memorandum is treated as a
6 consent to the granting of Defendants' motion for summary judgment.

7 All parties, including Plaintiff, must comply with the Federal Rules of Civil Procedure
8 and the Local Rules. Local Rules 78-230(m) and 56-260 clearly set forth the requirements
9 and allotted time periods for filing motions for summary judgment and responsive
10 memoranda. The Rules also clearly state the effect of non-compliance with those
11 requirements and time periods. In addition to the general requirement that all parties comply
12 with the Local Rules, throughout this litigation Plaintiff has been given specific notice of his
13 responsibility to adhere to the Local Rules and adequate notice of the requirements and
14 consequences of a motion for summary judgment. The Court's Second Informational Order
15 (Doc. #12), filed September 10, 2007, explained the function and purpose of a motion for
16 summary judgment and advised Plaintiff, pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th
17 Cir. 1998), of the requirements for opposing a motion for summary judgment. The order
18 warned that if Plaintiff failed to contradict Defendants' motion with affidavits, declarations,
19 or other evidence, Defendants' evidence would be taken as truth, and final judgment may be
20 entered without a full trial pursuant to FED. R. CIV. P. 56(e). The order also explained:

21
22
23
> If plaintiff does not serve and file a request to postpone consideration of defendant(s)' motion or written opposition to the motion, the court may consider plaintiff's failure to act as a waiver of opposition to defendant(s)' motion. Plaintiff's waiver of opposition to defendant(s)' motion may result in the entry of summary judgment against plaintiff.

24 On March 12, 2009 Plaintiff was informed that Defendants had filed a motion for
25 summary judgment and was notified of the requirements and consequences of a motion for
26 summary judgment as required by *Rand*. (See Order, Doc. #26.) Plaintiff was informed of
27 the requirements of FED. R. CIV. P. 56 and Local Rules 78-230(m) and 56-260. Plaintiff was
28 instructed to file a response by April 10, 2009. Plaintiff failed to do so. On August 21, 2009

- 2 -

1  Plaintiff was again informed of Defendants' pending motion for summary judgment and was
2  instructed to file a response by September 30, 2009 or show cause for the delay. (See Order,
3  Doc. #27.) Despite the warning that a failure to respond could result in Defendants' evidence
4  being taken as true and judgment entered against the Plaintiff, Plaintiff did not file a
5  response. On October 20, 2009, Plaintiff was once again informed of Defendants' pending
6  motion for summary judgment and was instructed to file a response by November 27, 2009.
7  (See Order, Doc. #28.) Plaintiff has yet to file a responsive pleading or any communication
8  whatsoever. Accordingly, Plaintiff's failure to file a responsive pleading and non-
9  compliance with the Local Rules and court orders are treated as a consent to the granting of
10 Defendants' motion for summary judgment.

### B. FED. R. CIV. P. 56 and Entry of Summary Judgment on the Merits

Rule 56 of the Federal Rules of Civil Procedure states:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

FED. R. CIV. P. 56(e)(2). Because Plaintiff has not responded to Defendants' motion, the Court looks to whether summary judgement is appropriate.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Id.* An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Id.* Initially, the burden rests upon the moving party to demonstrate that there is no genuine issue as to any

1 material fact, and once this initial burden is met, it is then the opposing party's burden to 2 "demonstrate through production of probative evidence that an issue of fact remains to be 3 tried." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A court deciding a motion 4 for summary judgment must view all evidentiary inferences in the light most favorable to the 5 non-moving party. *King County v. Rasmussen*, 299 F.3d 1077, 1083 (9th Cir. 2002). If 6 significant factual issues remain, the motion should be denied. *United States v. Carter*, 906 7 F.2d 1375, 1377 (9th Cir. 1990).

8 After reviewing the pleadings, Defendants' unopposed motion, and all the evidence 9 submitted in support of Defendants' motion, the Court is satisfied that no genuine issue of 10 material fact remains and that Defendants are entitled to judgment as a matter of law. 11 Pursuant to Rule 56(e)(2), because Plaintiff failed to respond to Defendants' motion and 12 because the entry of summary judgment is appropriate based on the pleadings and the 13 evidence in the summary judgment record, Defendants' motion is granted.

14 Accordingly,

15 **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment 16 (Doc. #25) is **GRANTED**. **The Clerk of Court is directed to issue judgment** 17 **accordingly and close this case.**

18 DATED this 23rd day of March, 2010.

_____
John M. Roll
Chief United States District Judge